UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

YURIY Y. KRASNOV, *et al.*,     :     CASE NO. 1:14-CV-2364
                                :
        Plaintiffs,              :
                                :
vs.                             :     OPINION & ORDER
                                :
RBS CITIZENS, N.A.,             :
                                :
        Defendant.               :
                                :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background/Introduction**

*Pro se* plaintiffs, Yuriy Y. Krasnov, Tatiana Khodakova, and Yuriy K. Krasnov, bring this action against Defendant RBS Citizens, N.A. ("RBS") in connection with a foreclosure action RBS brought against them in an Ohio state court in November 2010, *RBS Citizens, N.A. v. Yuriy Krasnov, et al.*, CV-10-742261 (Cuyahoga Cty. Court of Common Pleas). In the state-court foreclosure action, the plaintiffs contested RBS's entitlement to foreclose on their home and alleged counterclaims against RBS, including contending RBS engaged in bad faith and fraudulent lending practices. The state trial court, however, awarded judgment to RBS on all claims in the case and awarded RBS a full judgment of foreclosure. On September 25, 2014, the Ohio Court of Appeals affirmed the judgment of the state trial court. *RBS Citizens, N.A. v. Yuriy Krasnov, et al.*, Court of Appeals Case No. 100992 (Cuyahoga County Eighth District Court of Appeals).

The plaintiffs filed this action in this Court on October 23, 2014, alleging their constitutional rights were violated and that RBS violated the Fair Debt Collection Practices Act (FDCPA) and the Truth in Lending Act in connection with their mortgage loan and the state foreclosure proceeding. RBS has filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. No. 7), to which the plaintiffs have responded in a "motion" to deny RBS's motion to dismiss (Doc. No. 8). The plaintiffs have also filed applications to proceed *in forma pauperis*, (Doc. Nos. 2, 3, 4), a motion for appointment of *pro bono* counsel (Doc. No. 5), and motions for leave to file supplemental pleadings (Doc. Nos. 11, 15).

The plaintiffs' motions to proceed *in forma pauperis* are granted. However, the plaintiffs' other motions are all denied and, for the reasons stated below, RBS's motion to dismiss the plaintiffs' complaint is granted.

## Standard of Review

Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a *"pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011). To survive a dismissal, the plaintiff's factual allegations must be enough to raise the right to relief above the speculative level "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In deciding a motion to dismiss, a court must construe

the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations as true. *See Arrow v. Federal Reserve Bank of St. Louis*, 358 F.3d 392, 393 (6th Cir. 2004). A court need not, however, accept legal conclusions or unwarranted factual inferences. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

**Analysis**

Even assuming the truth of the plaintiffs' factual allegations, their claims in this case are barred as a matter of law. First, the plaintiffs' claims are barred by the doctrine of *res judicata*, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013). Under the doctrine of *res judicata*, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Id.* at 493. A second suit is barred when four elements exist, there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

All of these criteria are satisfied here in that: (1) the Cuyahoga County Court of Common Pleas docket reflects that a final judgment was entered in the state-court foreclosure action brought against the plaintiffs; (2) this lawsuit involves the same parties or their privies as the state foreclosure case; (3) the plaintiffs could have litigated the claims they raise in this case in

the state action (and in fact it appears the plaintiffs did litigate a number of the claims they raise here in the state-court action); and (4) the plaintiffs' claims arise out of the same "transaction or occurrence" that was the subject matter of the previous state action, *i.e.*, RBS's entitlement to foreclose on the plaintiffs' mortgage loan. Accordingly, the claims the plaintiffs seek to assert in this case are barred by *res judicata*. *See, e.g., Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Second, to the extent the plaintiffs seek to overturn specific rulings and/or the final judgment of the state foreclosure court itself, the plaintiffs are attempting to appeal from a state court judgment. Such claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 Fed. App'x 607, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008). *Rooker-Feldman* precludes "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Accordingly, the plaintiffs' claims are barred by *Rooker-Feldman* to the extent the source of the their claims is a judgment of the state foreclosure court itself.

Finally, "in Ohio, collaterally attacking final judgments by way of a separate action is disfavored" and collateral attacks are permitted only in very limited circumstances, *i.e.*, when the court lacked jurisdiction or when the prior court order was the product of fraud. *See Davet v.*

*Fed. Natl. Mtge. Ass'n*, 2012-Ohio-3575, ¶ 8, 2012 WL 3228586 (Ohio Ct. App. 8th Dist. Aug. 9, 2012). Thus, in *Davet*, the Ohio Court of Appeals held that the appropriate remedy for a mortgagor to challenge a financial institution's lack of standing to pursue a state foreclosure action against it "was in the direct appeal of the foreclosure court's decision." (*Id.*, ¶ 11.) Likewise, here, to the extent the plaintiffs seek to challenge RBS's standing to foreclose on their home, their proper remedy was direct appeal of the state judgment. A separate action such as this constitutes an improper collateral attack barred under Ohio law. See *Davet*.

### Conclusion

For all of the reasons stated above, the plaintiffs' complaint in this case fails to state a claim upon which relief may be granted. Accordingly, RBS's motion to dismiss the plaintiffs' complaint pursuant to Fed. R. 12(b)(6) is granted, and the plaintiffs' motions, other than their motions to proceed *in forma pauperis*, are all denied.[1] The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: December 24, 2014        s/ James S. Gwin
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' motions to file supplemental pleadings do not demonstrate they have any viable claims.